Citation Nr: 1717652 
Decision Date: 05/22/17 Archive Date: 06/05/17

DOCKET NO. 07-26 615 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to an initial rating in excess of 20 percent for residuals of a left shoulder sprain prior to November 29, 2010 and in excess of 10 percent thereafter.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and Spouse


ATTORNEY FOR THE BOARD

M. Alhinnawi, Associate Counsel

INTRODUCTION

The Veteran served on active duty from December 1965 to September 1967.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an October 2006 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). The Board remanded this appeal for additional development in October 2015.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran was afforded a new VA examination for his left shoulder in December 2015 following his reports of increased symptomology. Since the examination, however, the Court has found that examinations of musculoskeletal disabilities must comply with the language of 38 C.F.R. § 4.59 (2016). See Correia v. McDonald, 28 Vet. App. 158, 168-70 (2016). As a result, VA examinations must test range of motion studies in both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint.

The December 2015 VA examination report does not comply with Correia, because it satisfies some but not all of the noted requirements. The Veteran must be afforded a new VA shoulder examination that complies with Correia and includes all of the necessary information as set forth in § 4.59.

Accordingly, the case is REMANDED for the following action:

1. Identify and obtain any outstanding VA treatment records. Any additional treatment records identified by the Veteran should be obtained and associated with his claims file. If such efforts yield negative results, a notation to that effect should be inserted in the file. 

2. Schedule the Veteran for a VA examination to address the current severity of his left shoulder. All indicated studies should be completed, including range of motion testing. All findings must be fully reported.

a) The report should discuss the examiner's objective evaluation for any weakened movement, excess fatigability with use, incoordination, and painful motion.

b) To be compliant with Mitchell v. Shinseki, 25 Vet. App. 32 (2011), the clinician must address range of motion loss specifically due to pain and any functional loss during flare-ups. The clinician is to express an opinion on whether pain could significantly limit functional ability during flare-ups or when the joint is used repeatedly over a period of time. These determinations should, if feasible, be portrayed in terms of degrees of additional range of motion loss due to pain on use or during flare-ups. 

c) To comply with Correia, testing of the range of motion must include testing in active motion and passive motion. The examiner should also discuss weight-bearing and nonweight-bearing ranges. If such are not applicable, the examiner should state such along with an explanation. 

d) If it is not feasible to provide the degrees in which there is an additional loss in range of motion during flare-ups or repeated use over time or any range of motion testing, then the clinician must provide an adequate explanation as to why. 
e) Findings of the opposite (right) shoulder must also be included, unless the examiner states that the right shoulder is damaged (abnormal).

3. Following completion of the above, adjudicate the claim on appeal. If the benefits sought are not granted, issue a supplemental statement of the case and afford the Veteran and his representative an appropriate opportunity to respond.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252, only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).